UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN MALINOWSKI, | ) |
| Plaintiff, | ) Case No. 1:12-cv-08654 |
| v. | ) Judge Sara L. Ellis |
| WEXFORD HEALTH SOURCES, INC., IMHOTEP CARTER, ANTON DUBRICK, PARTHASARATHI GHOSH, CONSTANTINE PETERS, AND UNKNOWN MEDICAL PERSONNEL, | ) |
| Defendants. | ) |

**MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS AND DISCOVERY RULES, AND MOTION TO SHOW CAUSE**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff John Malinowski ("Plaintiff"), by and through his undersigned attorneys, hereby respectfully moves the Court for an order compelling defendants Wexford Health Sources, Inc., Imhotep Carter, Parthasarathi Ghosh, and Constantine Peters ("Wexford Defendants") to comply with the Court's orders and with the discovery deadlines established by the Federal Rules of Civil Procedure. Plaintiff further respectfully moves the Court for an order for the Wexford Defendants to show cause why they should not be sanctioned for repeated and ongoing discovery delays in this case.

In support of this motion, Plaintiff states as follows:

On May 30, 2014, the parties submitted a joint Rule 26(f) Report and Discovery Plan (Dkt. 97), in which they proposed that fact discovery would run from June 4 to November 3,

2014. The Court held a Rule 16 status conference on June 4, in which it largely adopted this recommendation, and set as an additional deadline requiring Plaintiff to amend his First Amended Complaint ("FAC") by August 29, 2014 (Dkt. 98). The Court also set a status hearing for September 4. Plaintiff counsel served Interrogatories, Requests for Admission, and Requests for Production on the defendants within ten days of the Court's June 4 order.

The serving of this discovery has precipitated a series of delays that have continued to this today.

Under the Federal Rules, Defendants' written discovery responses were due on July 14. Defense counsel asked for an extension to July 18, which Plaintiff counsel granted. But while the defendants served their Request for Admission responses on July 18, they took nearly an additional week to provide their responses to the remaining discovery, and did so only after repeated inquiries by Plaintiff counsel.[1]

On July 31, after determining that the defendants' discovery responses were inadequate, Plaintiff counsel sent defense counsel lengthy discovery enforcement letters pointing out the deficiencies and requesting that Defendants amend their responses. By mid-August, defense counsel had not responded to the July 31 discovery letters, and since adequate responses are necessary for the FAC to be amended, Plaintiff counsel decided to ask the Court for an extension to the August 29 amendment deadline. Before doing so, however, Plaintiff counsel sought, and received, assurances from defense counsel that they

---

[1] Plaintiff counsel wrote to counsel for the Wexford Defendants on this subject on at least the following dates: July 17, 18, 19, 22, and 23.

would be able to respond to the July 31 discovery letters by September 2, in advance of the September 4 status hearing.[2]

At the September 4 status hearing, the Court ordered from the bench that defense counsel would respond to Plaintiff's July 31 letters by the end of the next week, *i.e.* Friday, September 12. Counsel for Dr. Dubrick provided a response on that date, but counsel for the Wexford Defendants did not. Since September 12, Plaintiff counsel has repeatedly contacted counsel for the Wexford Defendants, and spoken with counsel in person, asking when the Wexford Defendants will provide the response.[3] As part of these inquiries, Plaintiff counsel has noted that he may be forced to file a motion to compel. Defense counsel has either not responded to these inquiries or has stated that a response will be forthcoming, without specifying when. As of the filing of this motion, Plaintiff still has not received from the Wexford Defendants a response to the July 31 letter.

A single delay of this nature might not merit the Court's intervention, and indeed, Plaintiff counsel files this motion only reluctantly. This delay, however, is part of what appears to be a pattern on behalf of the defendants. Other delays include the following:

On June 13, in addition to serving defendants with the written discovery noted above, Plaintiff served Wexford with a Rule 30(b)(6) deposition notice, set for July 16, concerning the identities of authors of numerous documents in Plaintiff's medical records.

---

[2] Plaintiff counsel regrets not clarifying the record on this point at the September 4 hearing. Plaintiff's Motion for Extension of Time to File Second Amended Complaint (Dkt. 117) had stated that Defendants would respond to Plaintiff's July 31 discovery enforcement letters by September 2 because defense counsel had assured Plaintiff counsel in writing that they would respond by that date. And before filing Dkt. 117, Plaintiff provided defense counsel with a copy of the motion.

[3] Since September 12, Plaintiff counsel made written inquiries to counsel for the Wexford Defendants on at least September 15, 22, and 23, and inquired of defense counsel personally on September 22.

3

Defense counsel asked for time to decide how to respond. Plaintiff counsel agreed to an extension, but then had to write Wexford's counsel several times before defense counsel finally proposed to respond by written correspondence. Plaintiff counsel agreed to this accommodation (subject to conditions—which Wexford's counsel has still never agreed to meet), but then had to write Wexford's counsel repeatedly before defense counsel finally provided responsive correspondence on August 19, more than a month after the date noticed for the deposition.[4] The August 19 letter had numerous deficiencies, including that it had omitted numerous documents. Plaintiff sent defense counsel a letter pointing out these deficiencies the next day, and asked that Wexford supplement its response by August 29. Wexford did not provide an additional response, however, until more than a month later, after being prompted multiple times by Plaintiff counsel.[5]

On July 24, Plaintiff counsel served a Request for Production on Defendants Carter, Dubrick, Ghosh, and Peters. Under the Federal Rules, responses to the request were due on August 25. None of the Defendants responded by that date, however. Rather, after Plaintiff counsel contacted defense counsel asking about the delay, the defendants finally responded on September 3.

On July 24, defense counsel agreed to respond to two amended interrogatories to Wexford by August 14. To this date, however, no responses have been provided, even though Plaintiff counsel wrote to inquire about these amended responses on September 3.

---

[4] Plaintiff counsel wrote to Wexford on this subject on at least the following dates: July 17, 19, 22, and 24, and August 5, 7, 12, and 14.

[5] Plaintiff counsel wrote to Wexford on this subject on September 3 and 8, and spoke with Wexford's counsel personally about the matter on September 22.

Pursuant to Rule 26(a)(1)(iv), the defendants were required to produce relevant insurance agreements with their initial disclosures. The defendants did not do so, however. Plaintiff counsel wrote to defense counsel on August 6 requesting production of these documents, repeated this request in a telephone conversation, and again wrote asking for production of the documents on September 3. To this day no responsive documents have been produced.

On April 14, counsel for the Wexford Defendants subpoenaed the hospital at the University of Illinois at Chicago (where Mr. Malinowski has received treatment) for Mr. Malinowski's medical records. To avoid duplication, Plaintiff counsel did not serve what would have been an identical subpoena, and instead waited to receive production of the UIC's response, per the general discovery agreement among the parties. After the date for production passed, Plaintiff counsel contacted counsel for the Wexford Defendants to inquire as to the status of production. On July 10, counsel for the Wexford Defendants responded that the responsive documents were being processed. None appeared, however, and Plaintiff counsel repeatedly contacted counsel for the Wexford Defendants regarding the status of production.[6] Finally, on August 7, after receiving no reply to multiple inquiries, Plaintiff subpoenaed UIC, asking for the records called for in the original April 14 subpoena. It was only then that UIC—which informed Plaintiff counsel that the documents had not been produced because the defendants had never approved payment for them—produced the documents called for in the April 14 subpoena.

---

[6] Plaintiff counsel wrote to defense counsel on this subject on at least the following dates: July 15, and 16, and August 5 and 7.

5

On August 14, Plaintiff served additional interrogatories on Defendants Carter and Wexford. Responses were due September 15, but none have been received. (Plaintiff counsel wrote defense counsel today to inquire about these responses. Defense counsel has not had time to respond, so these responses, while indisputably tardy, are not yet grounds for a motion to compel. They are included here as another example of defendants' tardiness in providing responses.)

*  *  *

Defendants appear to have concluded that this case is not worth the expenditure of much lawyer time, or they have decided to set the discovery schedule unilaterally, despite the requirements in the Rules, the Court's own orders, and Plaintiff counsel's repeated requests for compliance. The cumulative effect of these delays has been to bring discovery in this case virtually to a halt. The parties have been able to take a handful of depositions, but even though discovery was served on the defendants soon after the time to do so began, Plaintiff has received no meaningful written discovery responses from the defendants, and is left to guess when the defendants will elect to fulfill the discovery obligations they were required to comply with long ago.

Plaintiff counsel has sought, for quite some time, to avoid seeking the Court's intervention in these delays, and has instead tried to resolve this problem through communication with defense counsel. This tack has not been productive. Instead, Plaintiff counsel has spent hours reviewing docket deadlines, checking for responses, and drafting recurring correspondence to defense counsel requesting their compliance with their own discovery obligations.

Doing this is time-consuming and expensive. No attorney should have to make such unnecessary expenditures, but it has been especially burdensome on Plaintiff counsel, who has been appointed by the Court to represent Mr. Malinowski, and who is thus required to undertake these enforcement efforts at the firm's own expense.

WHEREFORE, Plaintiff respectfully requests that the Court issue an order requiring the Wexford Defendants to comply with their discovery obligations—now and going forward—and further to enter an order requiring the Wexford Defendants to show cause why they should not be required to compensate Plaintiff counsel for the time spent enforcing discovery, including the time required to prepare and enforce this motion.

Dated: September 24, 2014                    Respectfully submitted,

By: /s/Stephen H. Weil
One of Plaintiff's attorneys

Nathan P. Eimer
neimer@eimerstahl.com
Stephen H. Weil
sweil@eimerstahl.com
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Tel: (312) 660-7600

*Attorneys for Plaintiff John Malinowski*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 24, 2013, a true and correct copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                                /s/ Stephen H. Weil